UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUFFREN ANTOINE,

        Plaintiff,

                              CASE NO. 15-14329
v.                              HONORABLE SEAN F. COX

P. KLEE, *et al.,*

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

On December 8, 2015, plaintiff Suffren Antoine filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. At the time, Plaintiff was a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan. Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff was released on parole on January 5, 2016.[1] The defendants are dozens of state correctional officers and other individuals employed at the Gus Harrison Correctional Facility.

Plaintiff alleges in his complaint that the defendants have engaged in racial profiling and have defamed him by calling him a homosexual and a boy, not a man. Plaintiff also contends that the defendants have conspired to kill him. As a result of the defendants' conduct and remarks, Plaintiff asserts that he has been subjected to cruel and unusual punishment, placed at risk of being assaulted by other prisoners, and

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=581263.

deprived of his constitutional rights to due process and equal protection of the law. Plaintiff sues the defendants in their official capacities for money damages. He also wants the Court to discipline the individuals responsible for allegedly abusing him.

## II. Analysis

### A. Legal Framework

Federal district courts are required to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In determining whether a prisoner has failed to state a claim for which relief may be granted, courts construe the prisoner's complaint in the light most favorable to him or her, accept the factual allegations as true, and determine whether the prisoner can prove any set of facts that would entitle him or her to relief. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B. Application

Plaintiff has sued 132 individuals, but he has not alleged what any of them personally did to violate his constitutional rights. In fact, he has not mentioned a single defendant by name in his statement of facts, in his statement of claims, or in his request for relief. He merely makes general allegations about the defendants' conduct and remarks.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Claims against governmental officials for alleged violations of constitutional rights "cannot be founded upon conclusory, vague, or general allegations." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Thus, "for the plaintiff to proceed, he should provide detail as to how each defendant allegedly violated his constitutional rights." *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013). Plaintiff has not alleged what each defendant did to violate his constitutional rights.

Furthermore, Plaintiff sues the defendants in their official capacity for money damages. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no

different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal and end citations omitted). The Eleventh Amendment bars suits against a state and its departments unless the State has consented to suit, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*), and the State has not consented to suit here. Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. For these additional reasons, Plaintiff has no right to money damages from the defendants.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). But a prison official's verbal harassment of a prisoner is "insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Harassment and verbal abuse, such as Plaintiff describes, simply "do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey*, 832 F.2d at 954-55). Minor threats also do not rise to the level of a constitutional violation. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). Therefore, even assuming that the Court has authority to discipline the defendants, Plaintiff is not entitled to injunctive relief. To the extent Plaintiff seeks protection from the defendants or from other prisoners, his claim is moot

because he has been released from prison on parole. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995).

### III. Conclusion

The complaint is frivolous because it lacks an arguable basis in law or in fact. The complaint also fails to state a plausible claim for which relief may be granted. The Court therefore summarily dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 442-45 (1962).

Dated: January 14, 2016  
s/ Sean F. Cox  
Sean F. Cox  
United States District Judge

I hereby certify that on January 14, 2016, the document above was served on counsel of record via electronic means and upon Suffren Antoine via First Class Mail at the address below:

Suffren Antoine 581263  
Harrison (MSP)  
Gus Harrison Correctional Facility  
2727 E Beecher St.  
Adrian, MI 49221

s/ J. McCoy  
Case Manager